## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**JESS EASLEY, II, ET AL.**                                **CIVIL ACTION**

**VERSUS**                                                 **NO. 20-483-SDD-RLB**

**REPUBLIC FIRE AND CASUALTY**
**INSURANCE COMPANY**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on November 4, 2020.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JESS EASLEY, II, ET AL.**                               **CIVIL ACTION**

**VERSUS**                                                        **NO. 20-483-SDD-RLB**

**REPUBLIC FIRE AND CASUALTY**
**INSURANCE COMPANY**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiffs' Motion to Remand. (R. Doc. 4). The motion is opposed. (R. Doc. 6).

**I.    Background**

On or about June 24, 2020, Jess Easley, II and Jessica Easley (collectively, "Plaintiffs") filed this action in the 20th Judicial District Court, East Baton Rouge Parish, Louisiana, naming as defendant Republic Fire and Casualty Insurance Company ("Defendant" or "Republic"). (R. Doc. 1-1, "Petition"). Plaintiffs are seeking recovery under a homeowners' insurance policy with respect to a June 24, 2019 storm "for all storm related damages to their roof and other appurtenances including, but not limited to, damages caused by hail and/or wind, plus statutory penalties, [and] attorney fees." (Petition ¶¶ 2-5). Plaintiffs assert that despite providing sufficient proof of loss, Republic "has arbitrarily, capriciously, and without probable cause, failed to honor its obligations pursuant to its policy and Louisiana law." (Petition ¶¶ 6-7). Plaintiffs seek recovery of "statutory penalties and attorney fees" in addition to the "sum necessary to remedy all damages and losses." (Petition ¶ 8). Finally, Plaintiffs assert that the "amount of compensatory damages claimed is below the sum of [$75,000.00]." (Petition ¶ 9).

1

On July 28, 2020, Republic removed the action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (R. Doc. 1). With regard to the amount in controversy requirement, Republic represents that prior to removal Plaintiffs submitted three repair estimates to replace the damaged roof totaling $61,000.00, $67,274.68, and $100,682.85. (R. Doc. 1 at 3). Republic asserts that Plaintiffs are seeking recovery under La. R.S. 22:1892(b), which exposes Republic to $30,500.00 in statutory penalties based upon the lowest estimate submitted. (R. Doc. 1 at 3-4). Based on the foregoing, Republic asserts that it is facially apparent that the amount in controversy requirement is satisfied. (R. Doc. 1 at 4-5). Republic also asserts that there is complete diversity of citizenship because the Plaintiffs are citizens of Louisiana and Republic is a citizen of Oklahoma and Texas. (R. Doc. 1 at 5-6).

On August 26, 2020, Plaintiffs filed the instant Motion to Remand. (R. Doc. 4). In an affidavit, Plaintiffs assert that they are limiting their demand to the second highest estimate of $67,274.68 and are otherwise binding themselves to recover no more than the sum of $75,000.00 for all damages sought. (R. Doc. 4-3 at 1-3). Plaintiffs specifically stipulate that they will not accept a recovery of more than $75,000.00 in the State Court proceedings. (R. Doc. 4-3 at 4).

## II.     Arguments of the Parties

In support of remand, Plaintiffs argue that the Court should consider the post-removal sworn affidavit and stipulation in concluding that the amount in controversy requirement is not satisfied. (R. Doc. 4-2 at 1). In short, Plaintiffs argue that these post-removal submissions clarify that their claim does not exceed $75,000. (R. Doc. 4-2 at 2). Plaintiffs also seek recovery of costs and expenses pursuant to 28 U.S.C. § 1447(c) on the basis that Republic should have sought discovery to clarify the amount in controversy prior to removal. (R. Doc. 4-2 at 2-3).

In opposition, Republic argues that it is facially apparent from the Petition that the amount sought by Plaintiffs exceeds $75,000, exclusive of interest and costs, and the post-removal affidavit and stipulation do not divest the Court of subject matter jurisdiction. (R. Doc. 6).

### III.    Law and Analysis

#### A.    Legal Standards

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1).  Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").  Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).  If, however, the "State practice . . . permits the recovery of damages in excess of the amount demanded," removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). In Louisiana state court, plaintiffs are generally prohibited from alleging a specific monetary amount of damages sought in their petitions, and are required to state whether there is a "lack of jurisdiction of federal courts due to insufficiency of damages." La. Code Civ. P. art. 893(A)(1).

3

The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth facts in controversy that support a finding of the jurisdictional minimum. *Id*. If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *See*, *e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

As the parties do not dispute that there is complete diversity, the only issue with regard to diversity jurisdiction is whether the amount in controversy has been satisfied under 28 U.S.C. § 1332(a).

**B.     Analysis**

The Court will first consider whether the amount in controversy is facially apparent. The Petition does not detail the extent of roof damage for which Plaintiffs are seeking recovery, the policy limits, or the estimated costs of repairs submitted in the course of seeking coverage. While the Petition seeks recovery under the policy, as well as statutory bad faith penalties and attorney's fees, the Petition alleges that the "amount of compensatory damages claims" is less than $75,000. (Petition ¶ 9). An allegation that the amount in controversy does not exceed the minimum amount required for federal diversity jurisdiction does not preclude a finding that the amount in controversy requirement is satisfied. *Weber v. Stevenson*, No. 07-595, 2007 WL 4441261, at *2 (M.D. La. Dec. 14, 2007). Accordingly, a more narrow allegation that only

4

"compensatory damages" does not exceed $75,000 is even less support that the amount in controversy requirement is not satisfied based on the Petition. Given the foregoing, it is not facially apparent from the petition that the amount in controversy is less than or greater than $75,000. The Court will, therefore, consider the facts in controversy submitted by the parties for the purpose of clarifying the ambiguities with respect to the amount in controversy in the Petition at the time of removal.

At some point prior to removal, Plaintiffs provided Republic with three repair estimates to replace the damaged roof totaling $61,000.00, $67,274.68, and $100,682. (R. Doc. 1 at 3).[1] The value of the claim for coverage under an insurance policy determines the amount in controversy, unless the value of the claim exceeds the value of the policy. *See Hartford Ins. Grp. v. Lou–Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002); *see also Lewis v. Lexington Ins. Co.*, No. 07-8295, 2008 WL 4862034, at *2 (E.D. La. Nov. 6, 2008). While it is not entirely clear from the Petition, there is no dispute in the briefing that the repair estimates submitted fall within the full policy limits provided by the underlying insurance policy. Accordingly, the three repair estimates are compelling evidence of the amount of compensatory damages sought at the time of removal.

In addition to the amount sought under the policy limits, the Court also considers allegations seeking recovery for bad faith penalties and fees for the purpose of determining whether the amount in controversy requirement is satisfied. *See*, *e.g.*, *Lapeyrouse v. State Farm Fire & Cas. Co.*, No. 14-52, 2014 WL 4373273, at *3 (M.D. La. Sept. 3, 2014) ("That the Plaintiffs are seeking penalties and attorney's fees under La. R.S. § 22:1892 and La. R.S. §

---

[1] Neither party submits copies of the actual repair estimates or otherwise identifies whether they were submitted prior to the filing of this action in State Court.

5

22:1973 supports a finding that the jurisdictional amount has been exceeded.") (citing *Fortier v. State Farm Fire & Cas. Co.*, 2007 WL 678990, at *2 (E.D. La. Feb. 28, 2007)).

In the Petition, Plaintiffs seek to recover non-contractual bad faith "statutory penalties and attorney fees" on the basis that Republic "has arbitrarily, capriciously, and without probable cause, failed to honor its obligations pursuant to its policy and Louisiana law." (Petition ¶¶ 6-8). The foregoing allegations track the language of Louisiana Revised Statute 22:1892, which provides that failure to make payment on a written offer to settle an insurance claim within thirty days after receipt of satisfactory proofs of loss of that claim, if "found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater . . . and the amount found to be due as well as reasonable attorney fees and costs." La. R.S. 22:1892(B)(1).  Unlike the penalties recoverable under La. R.S. 22:1973, this penalty is based solely on a calculation of 50% of the amount recoverable under the insurance contract. *See Durio v. Horace Mann Ins. Co.*, 74 So.3d at 1159, 1170-71 (La. 2011).  Accordingly, even if Plaintiffs' claims under the policy are limited to the lowest estimate submitted prior to removal ($61,000.00), the Petition nevertheless seeks up to an additional $30,500.00 in bad faith penalties, in addition to any recoverable attorney's fees, under La. R.S. 22:1892.  This is sufficient to establish the amount in controversy for the purposes of diversity jurisdiction.

After removal, Plaintiffs submitted an affidavit and stipulation providing that they are not seeking more than $67,274.68 in contractual damages based on the second highest estimate submitted. (R. Docs. 4-3).  Plaintiffs acknowledge that the plain language of Paragraph 9 of the Petition alleges that only "compensatory damages" do not exceed $75,000.00. (R. Doc. 4 at 1).

6

In their affidavit and stipulation, however, Plaintiffs assert that it was their "intention" to allege in the Petition that the total damages sought in this lawsuit, including any potential amounts for statutory penalties and attorney's fees, be limited to less than $75,000.00. (R. Doc. 4-3 at 2, 4). Plaintiffs "further stipulate that under no circumstances will plaintiffs accept more than that amount in the State Court Proceedings" should the action be remanded. (R. Doc. 4-3 at 4).

The Court may consider post-removal affidavits and stipulations for the purposes of clarifying the amount in controversy. *See*, *e.g.*, *McGlynn v. Huston*, 693 F. Supp. 2d 585, 596 (M.D. La. 2010) (considering post-removal affidavit regarding the amount in controversy where defendant "failed to carry his burden of proof upon removal and the amount in controversy remains ambiguous"); *Royal Cosmopolitan, LLC v. Star Real Estate Group, LLC*, 629 F. Supp. 2d 594, 597 (E.D. La. 2008) ("When the amount in controversy is ambiguous, as it is here, the nonremoving party may submit [a post-removal] affidavit to clarify the amount of damages sought."). Plaintiffs' post-removal filings contradict the plain language of the Petition and the fact that Plaintiffs submitted one repair estimate prior to removal totaling $100,682.00.

There is no evidence in the record that Plaintiffs provided Republic with a binding stipulation prior to removal limiting the amount of damages sought to $75,000. As set forth above, the plain language of the petition provided that non-compensatory damages were separate from any limitation of compensatory damages. Given the record, Plaintiffs' post-removal stipulation does not support a finding that, <u>at the time of removal</u>, the Petition did not seek damages exceeding the federal jurisdictional amount. The Court concludes that Republic has met its burden of demonstrating that at the time of removal, the amount in controversy exceeded the jurisdictional minimum for diversity jurisdiction.

7

Accordingly, Plaintiffs have not satisfied the burden of showing that it is a "legal certainty" that they will not be able to recover the jurisdictional amount by filing a binding stipulation or affidavit to that effect with their petition. *See Creppel v. Fred's Stores of Tennessee, Inc.*, No. 13-734, 2013 WL 3490927, at *5 (E.D. La. July 10, 2013). Plaintiffs' post-removal stipulation does not divest the Court of subject matter jurisdiction.

**IV.    Conclusion**

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiffs' Motion to Remand (R. Doc. 4) be **DENIED**.

Signed in Baton Rouge, Louisiana, on November 4, 2020.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

8